CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 04 2012

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:09CR00027 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JANICE MARIE CARTER, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Janice Marie Carter, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, challenging the validity of her sentence for conspiracy to distribute crack cocaine. The court filed the § 2255 motion conditionally, notified Carter that it appeared to be untimely under § 2255(f), and granted her an opportunity to submit any additional evidence and/or argument on the issue of timeliness. Carter responded with additional argument on the issue of timeliness. However, after considering this additional material, the court concludes that the § 2255 motion must be dismissed as untimely.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion.[1] Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The court entered judgment against Carter on February 4, 2010, sentencing her to 180 months in prison. Because Carter did not appeal the judgment, her conviction became final on February 24, 2010, when her opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A). Carter then had one year–until February 24, 2011–in which to file a timely § 2255 motion. As she filed her § 2255 motion, at the earliest, on June 11, 2012, when she signed and dated the motion,[2] her motion is untimely under § 2255(f)(1).

Carter argues that her motion is timely under § 2255(f)(3), because she attempts to raise a claim for relief under the United States Supreme Court decision in DePierre v. United States, 131 S. Ct. 2225 (June 9, 2011). This argument fails, however, because Carter did not file her § 2255 motion within one year of June 9, 2011, the date on which the DePierre decision issued. Moreover, this decision did not recognize any new right on which Carter is entitled to relief from her criminal judgment or sentence under § 2255, as this decision merely clarified the definition of the term "cocaine base" as used in 21 U.S.C. § 841(b)(1).

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

[2] An inmate's § 2255 motion is considered filed on the date when he signs the motion and delivers it to prison authorities for mailing to the court. See Rule 3(d) of the Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988) (finding that prisoner pleadings are considered filed on date delivered to prison authorities for mailing).

2

Carter does not argue that her § 2255 motion is timely under § 2255(f)(2) or (4). She also does not present any facts on which she is entitled to equitable tolling of the federal filing deadline. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (finding that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition). The court concludes that Carter's § 2255 motion must be dismissed as untimely filed. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This ____ day of August, 2012.

_____
Senior United States District Judge